By the Court:

In the cases cited the counsel was required by the Court, at the time of making his application for leave to amend, to state the nature of the plea he desired to enter, and it appearing to be a plea not to the merits, but of the statute of limitations, the leave was refused. But in this case no such question was made at the time of the application, and a general leave was granted without qualification to amend, which authorized the plaintiff to reply de nova, if he saw proper, and it was therefore now too late to object to the replication, or to move to strike it from the record.
On the trial the plaintiff recovered a verdict for $386.78, for which the Court gave judgment. ' But as it was alleged and made to appear on the part of the executor that the estate was not yet settled, and that there were outstanding debts against it still unpaid, the Court made an order, requiring the party for whose benefit the suit was prosecuted, to *444 enter into bond with security to the executor to refund,' &c;, pursuant to the provisions of the statute. Rev. Code, 305, sec. 37; Fitchett v. Dolbee, 3 Harr. 368. The Court also directed stay of execution on the Judgment to be entered, until the order should be complied with.
C. S. Layton, for plaintiff.
C. M. and E. D. Cullen, for defendants.